## Bunting et al. v. Safe Building & Loan Association et al.

*Sundheim, Folz & Sundheim,* for plaintiffs; *Kraus & Weyl,* for defendant.

SMITH, P. J., May 8, 1934.—Plaintiffs brought suit against the defendants on an extension agreement whereby it is alleged the defendants agreed to guarantee the payment of principal, taxes, and interest on a certain mortgage. It is set forth in paragraph 4 of the statement of claim that "on September 12, 1929, Bankers Bond & Mortgage Company, as attorney-in-fact for the plaintiff above named, entered into an extension agreement, and said statement of claim further sets forth all the facts upon which plaintiffs rely.

The defendants, having been refused a rule to strike off the statement of claim, upon the allegation that the affidavit thereto was defective, filed an affidavit of defense raising questions of law, viz, (1) that the statement of claim is not sworn to by either of the plaintiffs; (2) that Brooks and Halpert are improperly joined as defendants because no obligation or liability on their part, either express or implied in law, is shown in the statement; and (3) there is no obligation or liability of any of the defendants to the plaintiffs in this action shown in the statement of claim.

As to the first question raised, we note that the affidavit attached to plaintiffs' statement of claim is as follows: "Albert E. Freiwald, being duly sworn according ot law, deposes and says that he is the vice president of Bankers Bond and Mortgage Company, attorney-in-fact for Morgan Bunting and Stanley G. Child, trustees for Darby Monthly Meeting of Friends Association, plaintiffs herein; that he makes this affidavit for and on behalf of the said plaintiffs with full authority so to do; that he has knowledge of the facts set forth herein, all of which are true and correct."

We believe this affidavit fully complies with the Practice Act of May 14, 1915, P. L. 483, sec. 9, which provides: "The statement of claim . . . shall be sworn to by the plaintiff or some person having knowledge of the facts, and, if there be an attorney, should be signed by his attorney."

The defendants have called the attention of the court to two authorities, the first being Goldbeck et ux. v. Brady, 4 Pa. C. C. 169, wherein. it was held by Finletter, P. J. (syllabus), that "while a stranger may, in some cases, make the affidavit to the statement required by the Act of May 25, 1887, a sufficient reason therefor should appear.

"If the facts upon which a cause of action is based are such as the plaintiff has or should have knowledge of, they should be stated absolutely; but if they can be known only from information, it is proper to qualify the affidavit by the averment that they are stated upon information, and are true to the best of the affiant's knowledge and belief, and that he expects to be able to prove them at the trial."

The other case cited is Corosu et al. v. Allegheny River Mining Co., 26 Dist. R. 379. This is a case where the attorney for plaintiff made the affidavit to the statement of claim for the reason that his clients were out of the jurisdiction at the time, which affidavit reads in part as follows: "he is the plaintiffs' attorney of record in the above entitled suit, and that the plaintiffs, G. . . . and A. . . ., are absent from the county, and by reason thereof the plaintiffs cannot make affidavit to this statement. Deponent is well acquainted with the facts of this case. Deponent further saith that the matters set forth in the foregoing statement as a basis of claim are true, as the plaintiffs and deponent expect to be able to prove at the trial of the above cause." A motion being made to strike the statement from the record as not being in accordance with the Practice Act of 1915, Corbet, P. J., held that the affidavit did not conform to section 9 of the Act of 1915, which requires that the statement "shall be sworn to by the plaintiff or some person having knowledge of the facts". In the instant case, however, the affidavit sets forth clearly "that he has knowledge of the facts set forth herein, all of which is true and correct", thereby conforming to the provisions of the Act of 1915, to the effect that the "statement . . . shall be sworn to by the plaintiff or some person having knowledge of the facts". The first reason advanced, therefore, is without merit and should be overruled.

The second reason advanced by the defendants is that the suit is brought against Safe Building & Loan Association, and Morris Brooks and Nathan Halpert as liquidating trustees, and that the two latter persons are improperly joined as defendants. We do not believe there is any merit in this contention. True, the suit has been brought in the manner set forth in the caption and as detailed in the affidavit of defense filed, but we believe this is the usual form in which a receiver is sued. No judgment in this case could be secured against the liquidating trustees in their individual capacities; they are simply named so that the defendant may be apprised who is in charge of the business at the time the suit was brought. This reason is not well taken by the defendants and should be overruled.

As to whether or not the trustees of Darby Monthly Meeting of Friends Association are proper parties plaintiff, this is entirely a trial question and can be determined at the time the case is heard.

And now, May 8, 1934, the affidavit of defense raising questions of law is not sustained, and the defendants are given leave to file an affidavit of defense on the merits within 15 days.